UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASSIE A. BOURG | CIVIL ACTION |
| VERSUS | NO. 09-4670 |
| ALLEN R. WOODARD ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendants' Motion to Stay, Record Doc. No. 17

O R D E R E D:

 XXX : DENIED. In this motion, defendants seek a stay of this case under the abstention doctrine described by the United States Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Under Colorado River, a federal court may abstain from deciding a case over which it has subject matter jurisdiction where parallel, duplicative litigation is pending in a state court, but only under "exceptional circumstances." Id. at 818. The option to abstain under Colorado River is "narrowly circumscribed" and must be applied strictly as an "extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. at 817-19 (quoted in American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 251 (5th Cir. 2005) and Kelly Investment, Inc. v. Continental Common Corp., 315 F.3d 494, 499 (5th Cir. 2002). Thus, the mere pendency of identical, duplicative state court litigation is not alone sufficient to support an abstention order. Instead, "[i]n making the determination of whether 'exceptional circumstances' exist that allow abstention in deference to pending state court proceedings, the Supreme Court has identified six relevant factors:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to

what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Kelly Investment, 315 F.3d at 497 (quoting Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 540 n.6 (5th Cir. 2002).

Weighing these factors in this case militates against a finding of "exceptional circumstances" and in favor of denying the motion to stay and exercising this court's jurisdiction. Neither this court nor the state court has assumed jurisdiction over a res. This court is not an inconvenient forum. Although the suit was filed first in the state court, there is no indication that the state court case has progressed beyond the initial stages or that it will proceed to trial faster than the six months to trial already scheduled in this court. Federal law provides the rules of decision on the federal claims, and state law provides the rules of decision on the state claims. There is virtually no risk of irreconcilable rulings, in terms of the manner in which that issue has been evaluated by the Fifth Circuit in Kelly Investment. Under these circumstances, I find no "exceptional circumstances" that might serve as a basis on which this court should decline to exercise its legitimate jurisdiction. Colorado River abstention is inappropriate in this case, which will proceed to resolution in this court pursuant to the previously imposed schedule.

New Orleans, Louisiana, this   16th   day of December, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2